JUSTICE NELSON
specially concurs.
¶35 I concur in our discussion of the “What next?” question and in our discussion of the dispositive issue as far as this latter discussion *162 goes. Unfortunately, however, our decision on the dispositive issue fails to address and to condemn the elemental flaw underlying the limited proceedings to determine Mr. Bostwick’s competency that were held prior to his first trial. With our failure, my concern is that this same fundamental error will be perpetuated in the further proceedings on remand.
¶36 As stated in the Court’s opinion, Mr. Bostwick was ultimately determined fit to stand trial and to assist in his defense so long as his mother advised him and so long as she was “competent to make decisions about his case.”[1] Therein lies the problem. Regardless of whether this conclusion is reached without a hearing or after one, I cannot agree with the bizarre notion that, for purposes of Title 46, chapter 14, part 2, the mental fitness and competency of a criminal accused can somehow be determined by reference to and be dependent upon the mental fitness and competency of a third party. Quite simply, it cannot.
¶37 When, as here, a criminal defendant’s mental fitness to stand trial and to assist in his defense is at issue the whole purpose and focus of the procedures in Title 46, chapter 14, part 2, is to assess the defendant’s mental status and his alone. If the accused is not mentally fit to stand trial and to assist in his defense in his own right, then there is simply no basis in the law of which I am aware that will permit the defendant, nevertheless, to be tried because a competent, trusted family member or friend can advise him. Our system of jurisprudence does not even allow a mentally unfit criminal defendant to be tried when advised by legal counsel — much less a third-party lay person untrained in the law — notwithstanding that the accused’s attorney is professionally and ethically bound to represent his client’s interests and notwithstanding that counsel is trained in the intricacies of criminal law and procedure.[2]
*163 ¶38 The reason is obvious. The defendant, unlike the third-party ad-visor, is the fellow who if convicted will lose his life, liberty or property. As a consequence, the accused must be able to make decisions as to his case and defense based on his own understanding of the charges filed against him; based on his own knowledge of the facts; based on his own assessment of his particular situation; and based on his own evaluation of his lawyer’s advice on tactics and strategy. Allowing substitution of the judgments and decisions of some third party on these critical matters for the judgments and decisions of the accused himself (because he is not mentally capable of making those judgments and decisions on his own) not only perverts the statutory scheme which the legislature has adopted but also effectively deprives the defendant of his right to appear and defend in person; of his right to demand the nature and cause of the accusation against him; of his right to confront witnesses; of his right to testify or remain silent; of his right to due process of law; and of his right to a fundamentally fair trial — all of which are rights guaranteed to the defendant personally under Article II, Sections 17, 24 and 25, of the Montana Constitution.
¶39 The bottom line is this. If Mr. Bostwick is not mentally capable of standing trial and assisting in his defense in his own right and without reference to and dependent upon his mother’s mental competency and her advice, then he is not mentally fit to be further prosecuted. Period.
JUSTICE TRIEWEILER and JUSTICE HUNT join in the foregoing specially concurring opinion.

. Of course, we know absolutely nothing about the mental fitness and competency of Mr. Bostwick’s mother nor, assuming arguendo their relevance to his fitness and competency, have we any legal mechanism for determining hers since she is not a party to this case.

. There is another invidious side-effect of determining Mr. Bostwick’s mental fitness by reference to and dependent upon his mother’s mental fitness. Who exactly is Mr. Bostwick’s attorney supposed to advise? To whom does counsel owe his duty of loyalty? Mr. Bostwick’s attorney is put in the impossible position of having to give legal advice not only to his client, the defendant, but also to the client’s mother who, apparently, has ultimate sway over the decisions of her son and who may or may not agree with counsel’s advice and strategy.